UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (DKT. 24)**

I.  **Introduction**

Nick Rodriguez ("Plaintiff") brings this action against Well Fargo Bank, NA ("Wells Fargo"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Homeward Residential, Inc. FKA American Home Mortgage Servicing, Inc. ("Homeward"), and unidentified individuals claiming any interest in the property located at 961 S McBride Ave., Los Angeles, California, 90022 (the "Property"). The Court previously dismissed all but one of Plaintiff's causes of action. Dkt. 19, 20.

Plaintiff's First Amended Complaint ("FAC," Dkt. 23) alleges the following six causes of action:

(i) violation of 15 U.S.C. § 1641(g) (Helping Families Save Their Homes Act);
(ii) violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*;
(iii) violation of Cal. Business & Professions Code §§ 17200 and 17500;
(iv) wrongful foreclosure and set aside trustee's sale;
(v) to void or cancel trustee's deed upon sale;
(vi) civil conspiracy.

Defendants have moved to dismiss the FAC (the "Motion"). Dkt. 24. On May 6, 2013, the Court heard oral argument and took the matter under submission. For the reasons stated in the Order, the Court GRANTS the Motion with prejudice as to second through sixth causes of action. The Court DENIES the Motion as to the first cause of action.

II.  **Background**

On September 24, 2004, Plaintiff entered into a mortgage loan transaction with Colony Mortgage Lenders, Inc. ("Colony"). FAC ¶ 17. As part of the transaction, Plaintiff signed a promissory note ("Note") that was secured by a Deed of Trust on the Property. FAC ¶ 8. Plaintiff contends that "Colony purportedly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

securitized the loan and claimed to have transferred Plaintiff's Note and Deed of Trust to the Option One Mortgage Loan Trust 2005-1" ("Trust"). FAC ¶ 8. Wells Fargo is the trustee of that Trust. *Id.* Wells Fargo retained Homeward to service the Trust loans. *Id.*

Plaintiff also contends that, on September 30, 2004, Colony executed and later recorded an assignment of the Deed of Trust to Option One Mortgage Corporation ("Option One"). FAC ¶ 18. In 2008, Option One changed its name to "Sand Canyon Corporation" and discontinued mortgage loan origination activities and sold its mortgage servicing business. FAC ¶ 19. Plaintiff contends that in 2008, the State of California prohibited Option One from doing business. *Id.* Plaintiff further contends that, starting in 2009, Sand Canyon has not owned any residential real estate mortgages. *Id.* On June 29, 2011, Tonya Hopkins, an assistant secretary of "Sand Canyon Corporation F/K/A Option One Mortgage Corporation" assigned the Deed of Trust to the Trust. FAC ¶ 20.

Plaintiff contends that Wells Fargo never had authority to effect a foreclosure of the Property because Sand Canyon could not have had any ownership interest in the Property at the time that it claims to have made an assignment to, or for the benefit of, Wells Fargo. Plaintiff also contends that Wells Fargo either undertook or authorized certain other foreclosure actions, prior to when the claimed assignment occurred on June 29, 2011. Thus, a Notice of Default was recorded on June 6, 2011, the language of which suggests Wells Fargo was a beneficiary at that time. FAC ¶ 24. Further, Plaintiff contends that, on June 9, 2011, agents of Wells Fargo executed a Substitution of Trustee to make "Power Default" the trustee, and that this Substitution was recorded on August 23, 2011. FAC ¶ 28. Power Default executed and recorded a Notice of Trustee's Sale and a Trustee's Deed Upon Sale and conducted a trustee's sale of the Property on June 7, 2012. FAC ¶¶ 28, 30.

### III. Analysis

#### A. Violation of 15 U.S.C. § 1641(g)

Under 15 U.S.C § 1641(g)(1), "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-- (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor."

Plaintiff alleges that Defendant Wells Fargo violated this provision by failing to notify Plaintiff of the assignment. FAC ¶ 92. The Court previously denied Wells Fargo's motion to dismiss as to this claim, rejecting its position that as a trustee, it could not have liability under the statute. Dkt. 20.

Defendants now challenge this claim on a new ground: The challenged assignment occurred before § 1641(g) became effective on May 20, 2009. Thus, Wells Fargo contends that it has been the Trustee of the Trust since 2005 when the Trust was established and that the loan was acquired by Option One from Colony in 2005. In support of its position, Wells Fargo contends that a 2005 filing with the Securities and Exchange Commission shows it was the trustee of the Trust in 2005. However, this filing does not show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

when Option One, which had received the Deed of Trust from Colony, transferred this loan to the Trust. Therefore, there is no basis, on the present record presented on this motion to dismiss, to find that Option One assigned the loan to the Trust before § 1641(g)(1) became effective on May 20, 2009.

Defendants also renew the argument that a trustee for an investor pool is not a creditor as defined by the TILA. Defendants attempt to distinguish the case upon which this Court's prior order relied: *Vogan v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02098-JAM, 2011 WL 5826016, at *4 (E.D. Cal. Nov. 17, 2011) ("A traditional trustee holds title to trust property and is responsible for omissions related to the administration of that property. Exempting all trustees from TILA would permit trusts acting as lenders to completely evade TILA's provisions."). Their argument is unpersuasive. The Court's prior order relied on the legal analysis of that decision. Thus, *Vogan* explains that the broad statement of *Wilson v. Wells Fargo Bank*, No. C 11-03394 CRB, 2011 WL 3443635, at *2 (N.D. Cal. Aug. 5, 2011) ("a trustee is not a creditor as defined by TILA"), was based on a fundamental misunderstanding of law regarding the meaning of the term trustee in certain contexts, *i.e.*, the difference between the limited liability for a trustee under a deed of trust in the non-judicial foreclosure process and a trustee for a mortgage-backed security trust. There is no principled basis for treating Wells Fargo, the trustee for the Trust holding the loan, differently than the Court would treat the holder of the loan.

At the hearing, Defendants sought to raise a new issue: That Plaintiff's claim was barred by the applicable statute of limitations. However, that issue was neither noticed for hearing, nor briefed. Therefore, it would be improper for the Court to consider or address it; Plaintiff was not given the opportunity to address the issue in responding to the Motion.

For these reasons, the Court DENIES the Motion as to this cause of action.

    **B.**    **Violation of Fair Debt Collection Practices Act**

        1.    <u>Legal Standard</u>

The Fair Debt Collection Practices Act ("FDCPA") provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

"[T]he FDCPA applies to debt collectors, but not to creditors . . . [U]nder the FDCPA, the status of debt collector or creditor is mutually exclusive." *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[C]ollecting debt not for another, whether or not the debt is assigned in default, makes one a creditor." *Schlegel*, 799 F. Supp. 2d at 1104. "[U]nder the FDCPA, if someone receives an assignment of debt in default but does not do so 'solely for the purpose of facilitating collection of such debt for another,' he may still be a creditor." *Id.* (requiring an allegation of sole purpose being collection for another and noting that a loan modification suggests that a party is a creditor).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

> The Fifth Circuit has held that mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985) (finding that neither mortgage servicing company nor pre-default assignee on promissory note were debt collectors). As noted in *Perry,* the legislative history of the FDCPA lends further support for the proposition that mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of "debt collector." *Id.*; *see also* S. Rep. No. 95–382, at 3–4 (1977), U.S.Code Cong. & Admin.News 1977, pp. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; [or] mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]").

*Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009).

Further, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA . . . ." *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

        2.        <u>Application</u>

Here, Plaintiff still does not sufficiently allege that Wells Fargo or Homeward is a debt collector. Plaintiff's theory that Wells Fargo is not the party to whom the debt was owed is contradicted by the documents of which judicial notice is taken. Thus, notwithstanding any allegations regarding whether Sand Canyon owned any mortgages after 2009, they show a chain of recorded transfers from Colony to Option One and then to the Trust. FAC, Exh. B, C, Dkt. 23. Therefore, Plaintiff cannot, and does not, properly allege that Wells Fargo is a debt collector as opposed to a creditor. Similarly, even if a claim could be brought against Homeward, it fails unless Plaintiff can allege that Wells Fargo is not a creditor. Plaintiff does not allege that Wells Fargo acquired the loan only after it was in default. Nor does Plaintiff allege that Wells Fargo acquired the loan solely to facilitate the collection of debt for another.

Further, Plaintiff's pleading as to the acts of Wells Fargo and Homeward is vague and conclusory. The Complaint had the same deficiency. Thus, the FAC and the Complaint both state that Wells Fargo and Homeward "violated the Act in one or more of the following ways" and list a set of statutory violations alleged in a conclusory fashion. FAC ¶ 102; Compl. ¶ 117. The biggest difference between them is that the FAC substitutes the specific party name where it was previously a title, *e.g.*, "Wells Fargo" in place of "Trustee." *Compare* Compl. ¶ 117 *and* FAC ¶ 102. There is still no representation regarding *which Defendant* is alleged to have taken these actions, *which actions* are actually alleged to have been taken, or any specific details regarding any of these alleged violations. These are insufficient allegations under Rule 8. *See, e.g., Mansour*, 618 F. Supp. 2d at 1183 (dismissing FDCPA claim that did not contain enough specific facts to put defendants on fair notice).[1]

---

[1]  Defendants also seek to argue that this claim is time-barred. However, the FAC does not make it clear when the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

Because the FAC failed to address these same issues that were addressed in the prior order with respect to the initial Complaint, and Plaintiff did not contend at the hearing that amendment was possible, the Court GRANTS the Motion as to this claim with prejudice.

### C. Violation of Cal. Bus. and Profs. Code §§ 17200 and 17500

As noted by the Court in its prior order, Dkt. 20, the § 1641(g) claim as pleaded cannot serve as the basis for this cause of action. Thus, Plaintiff has not sufficiently alleged the loss of money or property as a result of the alleged violation. *See Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008) (quoting Cal. Bus. & Prof. Code § 17204).

To the extent that Plaintiff's claim is based on any other causes of action in the FAC, this cause of action is derivative and fails along with these claims. To the extent that Plaintiff seeks to plead fraud-based claims as independent bases for these causes of action, the FAC fails to comply with the applicable pleading standards under Civil Rule 9(b). Moreover, the FAC does not allege sufficiently the elements of a violation of other laws and makes no specific allegation of unfair practices.

Because the FAC fails to address the defects of the original Complaint and Plaintiff did not contend at the hearing that amendment was possible, the Court GRANTS the Motion as to this claim with prejudice.

### D. Wrongful Foreclosure and Set Aside Trustee's Sale & Void or Cancel Trustee's Deed Upon Sale

Plaintiff's theory in these two causes of action is that irregularities in the chain of title regarding the power to make assignments, substitutions, and record documents by the actor at the time of various acts made the foreclosure void *ab initio*. However, Plaintiff has not pleaded the required element of prejudice.

"[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011). "Prejudice is not presumed from "mere irregularities" in the process. *Id.*

> Even if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note (see, e.g., *Munger v.*

claimed violations of the FDCPA occurred. Accordingly, the pleading does not raise the statute of limitations issue and it cannot properly be addressed on this Motion.

Case 2:12-cv-06309-JAK-AGR   Document 30   Filed 05/06/13   Page 6 of 7   Page ID #:576

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

> *Moore* (1970) 11 Cal.App.3d 1, 7–8, 89 Cal.Rptr. 323 [failure by lender to accept timely tender]), nor that the original lender would have refrained from foreclosure under the circumstances presented. If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.

*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011); *see also Herrera v. Fed. Nat. Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1508 (2012).

At the hearing, Plaintiff's counsel agreed that prejudice had not been clearly or sufficiently pleaded. Counsel then argued that Plaintiff could allege prejudice by averring that Plaintiff's lack of knowledge as to who owned the Note meant that Plaintiff was unable to communicate with the lender to seek to negotiate a means of avoiding foreclosure. In response, Defendant stated that, as early as June 2011, the Notice of Default (FAC Exh. D, Dkt. 23) gave Plaintiff the information regarding how to contact Wells Fargo; this was a year before the trustee's sale allegedly occurred. Defendant further noted that borrowers generally do not directly contact lenders, but communicate through the loan servicer.

Under these conditions, leave to amend is not warranted. Plaintiff has admitted a failure to allege prejudice notwithstanding the Court's prior order as to the defects in the manner in which this claim was presented in the Complaint. There is no justification for a further effort to amend. Accordingly, the Court GRANTS the Motion as to this cause of action with prejudice.

### E. Civil Conspiracy

"The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) (in bank). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.* A plaintiff must plead "specific overt acts" to state a claim for conspiracy. *Davitt v. Am. Bakers' Union, No. 51*, 124 Cal. 99, 101 (1899); *accord Bartley v. Cal. Ass'n of Realtors*, 115 Cal. App. 3d 930, 935 (1980).

The Court previously dismissed this cause of action because it was not properly pleaded under Civil Rule 8. Dkt. 20. Plaintiff's FAC focuses on the alleged practice of backdating documents. However, the FAC is still deficient. Plaintiff fails to identify what tort is alleged to have been committed as part of the claimed conspiracy. If Plaintiff intended to plead fraud, Plaintiff did not allege the necessary elements of that tort. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming dismissal with prejudice of conspiracy cause of action where the elements of the underlying fraud claim were not pleaded). Further, Plaintiff still does not make any specific allegations regarding the formation or operation of any conspiracy or any resulting damages to Plaintiff.

Because through the FAC Plaintiff has failed to address the foregoing defects and did not contend at the hearing that amendment was possible, the Court GRANTS the Motion as to this claim with prejudice.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06309 JAK (AGRx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | Nick Rodriguez v. Wells Fargo Bank, N.A., et al. | | |

### IV. Conclusion

For the foregoing reasons, the Court DENIES the Motion as the first cause of action and GRANTS the Motion with prejudice as to all other causes of action.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| | Initials of Preparer | ak |